Filed 3/5/21  P. v. Gooden CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALLEN B. GOODEN,<br><br>　　Defendant and Appellant. | D077814<br><br><br><br>(Super. Ct. Nos. CR61365, SCD152560) |

APPEAL from an order of the Superior Court of San Diego County, Howard H. George, Judge.   Reversed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant Allen B. Gooden guilty of first degree murder (Pen. Code,[1] § 187, count 1); burglary of an inhabited residence (§ 459, count 2); receiving stolen property (§ 496.1, count 3), but found a weapons-use allegation untrue. The court sentenced defendant to 25 years to life for the murder, with a concurrent term of three years for receiving stolen property, and stayed the three-year sentence for the burglary. (§ 654, subd. (a).) This court in *People v. Gooden* (Dec. 12, 1984, D000052 [nonpub. opn.] (*Gooden I*)) affirmed defendant's murder and burglary convictions but vacated his conviction for receiving stolen property.

On January 17, 2019, defendant filed in propria persona a petition for resentencing under section 1170.95. The trial court subsequently made findings of fact and denied the petition without an evidentiary hearing. Defendant claims the court erred and asks for remand of the cause, directing the trial court to issue an order to show cause and hold an evidentiary hearing on the petition. The People agree there was error, as do we. Reversed.

## BACKGROUND

In October 1982, defendant and his wife burglarized a neighboring apartment occupied by Olivia Rel. They had socks on their hands and carried an elastic cord to tie up their victim. The two pretended a need to use the telephone to persuade Rel to open the door. Once inside, defendant grabbed Rel and stuffed socks in her mouth to prevent her from screaming. They then tied Rel up and covered her face. Defendant's wife then repeatedly stabbed the victim in the neck with a pair of scissors, killing her. Defendant's wife took a necklace from Rel's neck. They also took a number of items from Rel's home including a stereo system and television set. Before leaving, they

---

[1] All further statutory references are to the Penal Code.

2

washed their hands and cleaned up any potential fingerprints. Four days later, defendant was arrested.

As noted, defendant in January 2019 filed under section 1170.95 a petition for resentencing and requested appointment of counsel. The court appointed counsel for defendant and set a briefing schedule. On February 13, 2019, the San Diego District Attorney moved to dismiss the petition, arguing that the legal origin of section 1170.95, Senate Bill No. 1437, was unconstitutional. The court denied the district attorney's motion. The district attorney brought an original consolidated proceeding in mandate challenging this order and others, which petitions we denied in *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270. The parties then filed briefs on the merits of defendant's petition.

On July 16, 2020, the court denied defendant's petition. It concluded defendant had not made a prime facie showing he was entitled to relief "because he was either (1) the actual killer, (2) 'not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of first degree murder'; or, (3) 'a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.' (§ 189, subd. (e).)" The court relied on *Gooden I* in finding substantial evidence showed defendant "was a major participant in the underlying residential burglary and acted with reckless indifference to human life as defined in [s]ection 190.2(d)."

Defendant filed a timely notice of appeal.

DISCUSSION

When a person who has been convicted of either first or second degree murder seeks resentencing under section 1170.95, that person must make a prima facie showing of eligibility for resentencing. Once the person makes such a showing, the court must issue an order to show cause and conduct an evidentiary hearing.

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The People may either concede that relief should be granted, or participate in a hearing where they have the burden of proving beyond a reasonable doubt that petitioner is ineligible. At the hearing, the parties may rely on either the record of conviction or present new evidence. (§ 1170.95, subd. (d)(3).)

We add here that Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) It accomplished this goal by amending section 188, subdivision (a)(3),

4

to require all principals to murder must act with express or implied malice to be *convicted* of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch.1015, § 2.)

We agree with the parties that by appointing counsel for defendant and soliciting briefing, the trial court here found defendant fell within the provisions of 1170.95 and proceeded to the second step of the process. However, it is equally clear that the court then denied the petition based upon a sufficiency of the evidence analysis and its own findings of fact, rather than issuing an order to show cause and conducting an evidentiary hearing, as mandated by statute. We agree with the parties that this was error.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed. The case is remanded with directions to issue an order to show cause and undertake such further proceedings as required by statute.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.